*Final*

1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | | |
|---|---|---|
| GE COMMERCIAL DISTRIBUTION<br>FINANCE CORPORATION, a Delaware<br>Corporation, | ) <br> ) <br> ) <br> ) | CASE NO.2:12-cv-04784 |
| | ) <br> ) | Judge Michael W. Fitzgerald |
| | ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| | ) | |
| v. | ) <br> ) | **AGREED ORDER FOR**<br>**PRELIMINARY INJUNCTION** |
| CAMP AMERICA RVS, INC.,<br>COULA RINGGOLD A/K/A COULA<br>DUBUC-RINGGOLD and<br>COULA DUBUC,<br>NELSON RINGGOLD, and<br>ROBERT W. CRAWLEY, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| | ) | |
| Defendants. | ) | |

24

UPON agreement between the Plaintiff, GE COMMERCIAL DISTRIBUTION
FINANCE CORPORATION ("CDF" or "Plaintiff"), by and through undersigned
counsel, and the Defendant  CAMP AMERICA RVS, INC. ("Defendant Dealer"),

1

COULA RINGGOLD A/K/A COULA DUBUC-RINGGOLD AND COULA DUBUC, NELSON RINGGOLD, AND ROBERT W. CRAWLEY (collectively "Defendants"), by and through undersigned counsel, the Court is advised that the Plaintiff and Defendants have reached a provisional arrangement concerning Plaintiff's claims for possession of certain property in this matter, and due deliberation having been had hereon, and good and sufficient cause having been shown,

WHEREAS, CDF and Defendants are parties to a certain security agreement and other documents executed therewith ("Agreement"), whereby CDF financed Defendant Dealer's acquisition of recreational vehicles and other like inventory ("Inventory") for Defendant Dealer's retail sale to the general public in exchange for Defendant Dealer's pledge of certain personal property, including the Inventory ("Collateral"), and promise to pay back the amounts financed in accordance with the terms of the Agreement;

WHEREAS, Plaintiff contends Defendant Dealer defaulted under the Agreement, as more particularly detailed in the Complaint, which defaults include but are not limited to Defendant Dealer's failure to pay the past due amount of $533,188.84, Defendants termination of the dealership license, Defendants termination of their business partnership, and their reformation as separate and different business entities without giving CDF notice;

WHEREAS, due to the nature of the alleged defaults, as identified in the Complaint, CDF demanded that Defendants permit CDF to take possession of the Collateral, including the Inventory, but Defendants refused to make the Collateral available for repossession in a manner in which CDF contends is a violation of the Agreement;

WHEREAS, CDF initiated the instant action seeking, among other things, possession of the Collateral;

WHEREAS, Defendants have disclosed and confirmed to CDF their new

2

business formations and operations,  and further advised CDF that by selling the remaining units from their retail dealerships Defendants seek to pay off all amounts owed to CDF under the Agreement;

**WHEREAS,** CDF has agreed to permit Defendants an opportunity to sell the remaining units of Inventory, but strictly conditioned upon the terms agreed to in this Order and without waiving or impairing its ability to enforce its rights, particularly those based upon the alleged defaults referred to in the Complaint;

**WHEREAS,** upon payment by Defendants to CDF the sum of $533,188.84 under the Agreement, submission of Defendants' organizational documents to CDF (all pursuant to the terms and conditions herein and within 180 days hereof), and Defendants waiver of any and all potential counterclaims and defenses relating to this litigation, CDF has agreed to dismiss this litigation, in its entirety, with prejudice;

**WHEREAS,** upon Defendants' complete compliance with the terms of this Order and Defendants' fulfillment of all other obligations as ordered herein, CDF agrees to release any and all interests in personal or real property held by any defendant;

**WHEREAS,** upon Defendants' complete compliance with the terms of this Stipulated Preliminary Injunction and Order and upon Defendants' fulfillment of all other obligations as set forth herein, CDF agrees to release any and all interests in personal or real property held by any defendant;

**WHEREAS,** the parties have agreed to stay this litigation pending notice by plaintiff of Defendants' performance or default thereof;

**WHEREAS,** undersigned counsel have obtained the requisite authority from the parties to bind all parties to this Order;

/ / /

/ / /

3

1   ///

2   ///

3   ///

4   **NOW**, pursuant to Rule 65(a) and (d) of the Federal Rules of Civil Procedure,

5   and upon consent of the parties, the recitals herein, and the record, it is hereby

6   **ORDERED**, that the Defendants and any entities or individuals related in

7   business to the Defendants shall comply with the following terms and conditions:

1. Defendants agree to make payment to CDF of Defendant Dealer's entire outstanding indebtedness, for all amounts owed under the Security Agreement ("Payoff Balance"), to be received by CDF on or before six (6) months, or 180 days from the date that this Order is entered by the Court ("Payoff Deadline"). CDF will provide the Payoff Balance to Defendants prior to the Payoff Deadline, as requested by Defendants from CDF;

2. Should Defendants fail to pay CDF the entire Payoff Balance on or before the Payoff Deadline, Defendants agree to the entry of a Stipulated Writ for Immediate Possession, in the form annexed hereto as **Exhibit "A"**;

3. Defendants agree to submit herewith to CDF, no later than July 19, 2012 copies of the organizational documents, licensures, permits and insurance presently relating to their dealerships located in Banning and Beaumont, California;

4. Defendants agree to submit and surrender, herewith to CDF, all the MSOs and Titles to CDF-financed Inventory, to be released back to Defendants upon pay off;

5. On or before July 20, 2012, Defendant shall remit $14,954.93 to CDF in payment of:

    a. the full balance owed for unit(s) identified as VIN 1K58KTK21B2035553;

4

6. Defendants shall immediately remit funds to CDF for all Inventory on a "pay-as-sold" basis in accordance with the following instructions and, to the extent not provided herein, the Agreement:

   a. <u>General terms</u>. Upon any potential sale or other disposition of a unit of Inventory, where Defendant has completed a bill of sale, Defendant shall immediately inform CDF of the potential sale or disposition and provide CDF a copy of the bill of sale and any other information or documents CDF reasonably requests related to the potential sale or disposition. Defendant shall keep CDF reasonably informed as to any developments with the sale or disposition, so that all times CDF is apprised of the status of, and all then-existing issues regarding, the sale or disposition;

   b. <u>Cash deals</u>. For any sale or other disposition of a unit of Inventory, where Defendant receives or expects payment for the unit, in part or whole, from cash or its equivalent, Defendant shall do the following: (i) provide CDF with the bill of sale and any other documents or information, as required by sub-section a., above; (ii) upon execution of a written contract for sale or disposition of the unit, provide CDF with a fully executed copy of the contract; and (iii) within one day of the payment posting to Defendants' account, but not later than five (5) days of Defendant receiving the payment from the buyer, remit payment to CDF for the then-existing balance on the unit. Defendant may not permit the buyer to take possession of the unit until Defendant fully complies with conditions (i) and (ii);

   c. <u>Financed deals</u>. For any sale or other disposition of a unit of Inventory, where Defendant receives or expects payment for the unit, in part or whole, from a source other than the buyer of the unit, Defendant shall do the following: (i) provide CDF with the bill of sale and any other documents or information, as required by sub-section a., above; (ii) upon execution of a written contract for sale or disposition of the unit, provide CDF with a fully executed copy of the contract; (iii) upon receiving an "approval notice" or its equivalent from the third party lending source, provide CDF with a copy of the "approval notice" or its equivalent; (iv) upon receiving the "funding notice" or its equivalent from the third party lending source, provide CDF a

5

copy of the "funding notice" or its equivalent"; and (v) within three days of the date of the "funding notice" or its equivalent, remit payment to CDF for the then existing balance on the unit. Defendant may not permit the buyer to take possession of the unit until Defendant fully complies with conditions (i)-(iii);

    d.  All communications or production of information or documents from any Defendant to CDF required under this section shall be made to Diane Hoelzl and Dirk Venables.  Defendant hereby acknowledges it has been provided the phone numbers, email addresses and fax numbers of Diane Hoelzl and Dirk Venables and any other information needed to comply with this section;

7.  For any unit of Inventory that Defendant remits payment, which payment satisfies the then-existing balance of the unit in full, CDF shall, within one day of the payment posting to CDF's account, send the manufacturer certificate (statement) of origin for the unit to Defendant using a "next business day" delivery service or its equivalent;

8.  Defendant agrees to Collateral inspections at CDF's discretion providing full cooperation and disclosure of all information as requested;

9.  Defendant agrees to keep CDF apprised of all sales efforts, actual sales, financing approvals and  including, but not limited to, providing CDF with any "term sheets" or their reasonable equivalent from prospective lenders and any other document or information CDF may reasonably request related thereto;

10. Defendant has executed a Voluntary Surrender and agrees to execute a Stipulated Writ for Immediate Possession to be held in escrow by  CDF, so that in the event of default of any of the terms of this Order, CDF may enter said Stipulated Writ for Immediate Possession upon five (5) business days' notice, as provided below;

6

1    and it is hereby

2

3    **ORDERED**, that the Defendant's failure to comply with any of the above

4    requirements shall be deemed a default of this Agreed Order, and upon such default,

5    CDF shall deliver to the Defendant and the Defendant's counsel a Notice of Default.

6    In the event that such default is not cured within five (5) business days from the date

7    of delivery of the Notice of Default, CDF shall be permitted to file a Stipulated Writ

8    for Immediate Possession, in the form annexed hereto as **Exhibit "A"**; and it is further

9    **ORDERED**, that the parties to this matter shall execute and/or produce all

10   necessary documentation to carry out the parties' intentions as outlined above, on or

11   before July 19, 2012.  The failure to do so shall be deemed a material default of the

12   terms outlined above, and upon such default, CDF shall deliver to the Defendant and

13   the Defendant's counsel a Notice of Default. In the event that such default is not cured

14   within five (5) business days from the date of delivery of the Notice of Default, CDF

15   shall be permitted to file a Stipulated Writ for Immediate Possession, in the form

16   annexed hereto as **Exhibit "A"**; and it is further

17   **ORDERED**, that the underlying Agreement, as defined in CDF's Complaint,

18   shall continue to govern the lending relationship between the parties to the extent the

19   Agreement is not inconsistent with this Order, and all acts enjoined or required under

20   the Agreement are enjoined or required hereunder as the case may be; and it is further

21   **ORDERED** that upon Defendants' complete compliance with the terms of this

22   Stipulated Preliminary Injunction and Order and upon Defendants' fulfillment of all

23   other obligations as set forth herein, plaintiff shall file within 10 days thereof a

24   dismissal with prejudice; and it is further

25   **ORDERED** that upon Defendants' complete compliance with the terms of this

26   Stipulated Preliminary Injunction and Order and upon Defendants' fulfillment of all

27   other obligations as set forth herein, plaintiff shall within 30 days execute all

28
                                            7

1  documents necessary to release their interests in any personal or real property of

2  Defendants; and it is further

3       **ORDERED** that this matter is STAYED pending notice by plaintiff to this

4  court of Defendants' performance or default thereof; and it is further

5       **ORDERED**, that CDF's undertaking in the amount of $1,378,449.18 is hereby

6  approved.

7

8

9  Dated:       July 17            , 2012

10

11                                              Hon. Michael W. Fitzgerald
                                                United States District Judge
12                                              Central District of California

13

14

15

16

17  **Agreed and Acknowledged**                 **Agreed and Acknowledged**

18

19  _____                    _____

20  Marlene L. Allen-Hammarlund                 Christopher L. Ramey
    Gresham Savage Nolan & Tilden, PC           Ramey & Perry APC
21  3750 University Avenue, Suite 250           3838 Camino del Rio North, Suite 120
    Riverside, CA 92501-3335                    San Diego, CA 92108-1762
22  Office: (951) 684-2171 Ext.8305             Office: (619) 542-1530
23  Fax: (951) 684-2150                         Fax:  (619) 542-1541
    www.GreshamSavage.com                       cramey@rameyandperry.com
24  *Attorneys for Plaintiff*                   *Attorney for Defendants*

25

26

27

28
                                        8

**EXHIBIT A**

Final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

GE COMMERCIAL DISTRIBUTION
FINANCE CORPORATION, a Delaware
Corporation,

                    Plaintiffs,

                    v.

CAMP AMERICA RVS, INC.,
COULA RINGGOLD A/K/A COULA
DUBUC-RINGGOLD and
COULA DUBUC,
NELSON RINGGOLD, and
ROBERT W. CRAWLEY,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.CV12-4784 MWF

JUDGE MICHAEL W.
FITZGERALD

**STIPULATED ORDER FOR
WRIT OF POSSESSION**

UPON agreement between the Plaintiff, GE COMMERCIAL DISTRIBUTION
FINANCE CORPORATION ("CDF" or "Plaintiff"), by and through undersigned

1

MEM-2029847-1

1  counsel, and the Defendants CAMP AMERICA RVS, INC. ("Defendant Dealer"),

2  COULA RINGGOLD A/K/A COULA DUBUC-RINGGOLD AND COULA

3  DUBUC, NELSON RINGGOLD, AND ROBERT W. CRAWLEY (collectively

4  "Defendants"), by and through undersigned counsel, pursuant to California Code of

5  Civil Procedure 512.010, *et seq.*, made applicable to this proceeding by FED. R. CIV. P.

6  64, and Plaintiff having filed the instant Stipulated Order for Writ of Possession

7  ("Writ of Possession"), pursuant to the terms of the Court's Agreed Preliminary

8  Injunction ("Agreed Order"), entered that _____ day of _____, 2012,

9  which Agreed Order approved the form of and procedure for filing this Writ of

10  Possession, so that Plaintiff may immediately recover from the Defendant Camp

11  America RVs. Inc. dba Banning Discount RV and Beaumont RV, the possession of

12  certain personal property of said Defendant Dealer located at 2424 West Ramsey

13  Street, Banning, CA 92220 and 910 Western Knolls Drive, Beaumont, CA 92223  or

14  wherever else as such may be found, which property is more particularly described as

15  the units of inventory ("Inventory") and any proceeds and/or sale receipts associated

16  therewith, listed on **Exhibit 1**, attached hereto; and

17       **WHEREAS,** upon the record and the Agreed Order, and the Bond of Plaintiff,

18  previously approved by the Court as to amount and filed herein, and due deliberation

19  having been had hereon, and good and sufficient cause having been shown;

20       **NOW,** pursuant to Rule 64 of the Federal Rules of Civil Procedure, and upon

21  consent of the parties, the recitals herein, and the record;

22       **IT IS HEREBY ORDERED** that:

23       1.    Plaintiff has established probable validity of its security interest herein

24  and claim of possession of the Inventory collateral set forth in the attached Exhibit 1

25  or Proceeds collateral generated by the sale of any of the Inventory collateral to buyers

26  in the ordinary course of business, and that Defendant Dealer is in default on its

27  financing obligations to Plaintiff as set forth in the Complaint and moving papers.

28       2.    Plaintiff has established that the Inventory collateral is located at 2424

2

1   West Ramsey Street, Banning, CA 92220 and 910 Western Knolls Drive, Beaumont,

2   CA 92223 or such other location in the possession or control of Defendant Dealer.

3        3.    The Clerk of this Court shall issue a Writ of Possession as provided in

4   Federal Rules of Civil Procedure Rule 64, this Stipulated Order and the Agreed Order

5   for Preliminary Injunction.

6        4.    The levying officer within whose jurisdiction the Inventory collateral or

7   some part thereof is located is authorized to execute the Writ of Possession and levy

8   on the Inventory collateral in either of the following manners as directed by Plaintiff:

9        5.    Plaintiff is authorized to use the attached Exhibit 1 list to identify the RV

10  units which comprise the Inventory collateral.  The levying officer is directed to

11  accept such form in full compliance with its procedures.

12       6.    The Writ shall issue forthwith.  The Plaintiff has filed a bond in the sum

13  of $1,378,449.18 pursuant to California Civil Code of Procedure § 515.010(b) and it is

14  so approved.

15       7.    The Clerk of Court shall attach a copy of this Stipulated Order to the Writ

16  of Possession.

17       8.    The levying officer may enter into the private places, at any time or

18  times, using any necessary reasonable force, whether the premises are occupied or

19  unoccupied, to take possession of the Inventory and/or Proceeds collateral.

20       9.    Plaintiff's representatives shall if the levying officer so requests,

21  accompany the levying officer to the business premises described above, to review

22  and examine the Defendant Dealer's books and records relating to the Inventory

23  collateral in order to determine the status, location and time and date of any return or

24  sale of Inventory collateral.  Plaintiff's representative is authorized to remain at the

25  Defendant Dealer's business premises at all times until the Inventory and/or Proceeds

26  collateral is removed from the location(s).

27       10.   The levying officer is authorized to remain in the Defendant Dealer's

28  business premises at all times until all the Inventory and/or Proceeds collateral is

3

MEM-2029847-1

1   removed from the location(s).

2       11.   This Order shall remain in effect until modified by further order of this

3   Court, or modified by written agreement signed by Plaintiff and Defendant Dealer

4   with and approved by order of this Court.

5

6       Dated: _____, 2012

7

8                                        _____
                                         Hon. Michael W. Fitzgerald
9                                        United States District Judge
                                         Central District of California
10

11  **Agreed and Acknowledged**              **Agreed and Acknowledged**

12

13  ___M. allen_____

14  Marlene L. Allen-Hammarlund             Christopher L. Ramey
15  Gresham Savage Nolan & Tilden, PC       Ramey & Perry APC
    3750 University Avenue, Suite 250       3838 Camino del Rio North, Suite 120
16  Riverside, CA 92501-3335                San Diego, CA 92108-1762
17  Office: (951) 684-2171 Ext.8305         Office: (619) 542-1530
    Fax: (951) 684-2150                     Fax: (619) 542-1541
18  www.GreshamSavage.com                   cramey@rameyandperry.com
19  *Attorneys for Plaintiff*               *Attorney for Defendants*

20

21

22

23

24

25

26

27

28

                                 4

| Mfg/Dist Name | Invoice Number | Invoice Date | Model Number | Serial Number | Status |
|---|---|---|---|---|---|
| FOREST RIVER, I | NV1524840CR | 3/14/2008 | SANDSTORM TO | 4X4FSCP328C005081 | F |
| FOREST RIVER, I | NV1528086CR | 3/31/2008 | ROCKWOOD LIT | 4X4TRLC2091826169 | |
| FOREST RIVER, I | NV1621470AR | 9/17/2009 | SABRE | 4X4FSRF21A3002285 | |
| FOREST RIVER, I | NV1621728AR | 9/21/2009 | SALEM TOWABL | 4X4TSMC23AC010995 | |
| FOREST RIVER, I | NV1625160AR | 10/9/2009 | WILDCAT | 4X4FWCA25AT010544 | |
| DUTCHMEN MFG IN | U015374CR | 4/30/2010 | 11DUTCHMEN | 47CTDEK27BM439087 | |
| DUTCHMEN MFG IN | U015839BR | 5/11/2010 | 11DUTCHMEN | 47CTDEK2XBT206357 | |
| DUTCHMEN MFG IN | U016157BR | 5/20/2010 | 11DENALI | 47CFD1P25BP625899 | |
| DUTCHMEN MFG IN | U016287BR | 5/24/2010 | 11DENALI | 47CFD1P23BP626002 | |
| DUTCHMEN MFG IN | U016376BR | 5/25/2010 | 11COLEMAN | 47CFCLP29BC659401 | |
| DUTCHMEN MFG IN | U016502BR | 5/27/2010 | DENALI 275RE | 47CFD1P27BP626004 | |
| DUTCHMEN MFG IN | U016702BR | 5/28/2010 | 11FOURWINDS | 47CTF3M25BT206441 | |
| DUTCHMEN MFG IN | U016892BR | 6/10/2010 | 11DENALI | 47CTD1N22BP626059 | |
| DUTCHMEN MFG IN | U017410BR | 6/22/2010 | FO-251RB-11 | 47CTF3M26BT206576 | |
| FOREST RIVER, I | NV1695220AR | 6/28/2010 | ROCKWOOD LIT | 4X4FRLC29B1835584 | |
| FOREST RIVER, I | NV1695173AR | 6/30/2010 | ROCKWOOD LIT | 4X4FRLC25B1835484 | |
| FOREST RIVER, I | NV1695175AR | 6/30/2010 | ROCKWOOD LIT | 4X4FRLD2XB1835494 | |
| FOREST RIVER, I | NV1695180AR | 6/30/2010 | ROCKWOOD LIT | 4X4FRLD21B1835514 | |
| DUTCHMEN MFG IN | U018295BR | 7/23/2010 | 11FOURWINDS | 47CTF3N26BT206625 | |
| DUTCHMEN MFG IN | U018375BR | 7/27/2010 | 11FOURWINDS | 47CTF3N28BT206626 | |
| DUTCHMEN MFG IN | 31625BR | 7/30/2010 | 239FB | 1K52KTK26B2035533 | F |
| DUTCHMEN MFG IN | U018716BR | 7/30/2010 | 11FOURWINDS | 47CTF3N29BT206778 | |
| DUTCHMEN MFG IN | U018857BR | 7/30/2010 | 11FOURWINDS | 47CTF3N24BT206624 | |
| DUTCHMEN MFG IN | U018838BR | 7/31/2010 | 11DENALI | 47CFD1R20BP626391 | TS |
| DUTCHMEN MFG IN | U019445BR | 8/25/2010 | 11COLEMAN | 47CTCLM23BT206933 | |
| DUTCHMEN MFG IN | 31663AR | 8/31/2010 | 239FB | 1K58KTK21B2035553 | S |
| DUTCHMEN MFG IN | 6580AR | 8/31/2010 | T276S-LX | 1K52KBM28B2025822 | |
| DUTCHMEN MFG IN | U020446BR | 9/29/2010 | 11DUTCHMEN | 47CTDEP28BT207080 | |
| DUTCHMEN MFG IN | U021311BR | 10/29/2010 | 11AEROLITE | 47CTAEP24BK129086 | |